UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jameek Berry,<br><br>　　　　　　　　　　　　　　Petitioner,<br><br>　　　　-v-<br><br>State of New York,<br><br>　　　　　　　　　　　　　　Respondent. | 2:24-cv-6584<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

　　Petitioner Jameek Berry ("Berry"), appearing *pro se*, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") challenging his custody in connection with his 2024 criminal prosecution in Nassau County. (Pet., ECF No. 1.) On October 17, 2024, the Court ordered Berry to, within thirty (30) days, submit an affirmation with the Court, which would: (1) state his intention to proceed with the matter and (2) explain why the Court should not dismiss the Petition as premature. (Oct. 17, 2024 Order, ECF No. 3.) On November 13, 2024, the Court received a "Supplemental Pleading Affidavit" signed by Berry. (Suppl. Aff., ECF No. 5.) Upon the review of the Petition and this Supplemental Affidavit, the Petition is dismissed without prejudice as premature pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").

**BACKGROUND**

　　On September 18, 2024, Berry filed a Petition challenging his custody in the Nassau County Correctional Center in connection with his criminal prosecution in Nassau County on the following docket numbers: CR-328364-24NA, CR-330840-24NA, CR-001898-24NA, CR-

005910-24NA. (Pet. at 1.) Pursuant to Rule 4, the Court conducted an initial review of the Petition and determined that it is deficient for two reasons. *See* Rule 4, Rules Governing § 2254 Cases. First, it was unclear whether Berry filed the Petition and the accompanying affidavit himself and whether he was aware of the filing of these documents in this Court because the Petition did not contain a valid prisoner ID for Berry, was initially hand-delivered to the Court by Edward Foskey, and was later mailed to the Court from an address known to the Court to be the address of record for Foskey. (Oct. 17, 2024 Order at 2.) Second, the Petition appeared to be premature as it contained unexhausted claims. (*Id.* at 3.) The Court was able to confirm that Berry is incarcerated in the Nassau County Correctional Center and is scheduled to be released on January 31, 2025, and was able to confirm Berry's prisoner ID. On October 17, 2024, the Court ordered Berry, within thirty (30) days, to provide an affirmation which would (1) state his intention to pursue the matter further and (2) provide reasons why the Petition is not premature. (*Id.* at 4.) The Court also ordered Berry, as long as he appeared *pro se*, to contact the Court through prison mail and provide a valid prisoner ID. (*Id.*) On November 13, 2024, the Court received a "Supplemental Pleading Affidavit." (Suppl. Aff.) The filing does not provide Berry's prisoner ID and was not mailed from the Nassau County Correctional Center. (*Id.* at 36.) It appears that the same Supplemental Affidavit was also mailed to the state court and prison officials. (*Id.* at 10.)

## DISCUSSION

Before a federal court can address the merits of any federal issues contained in a petition for a writ of habeas corpus, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Alternatively, the petitioner must show that "(i) there is an absence of available state corrective process; (ii) or circumstances exist that render

2

such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii). "In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) (quotation marks and citations omitted), *cert. denied*, 544 U.S. 1025 (2005).

>Rule 4 provides that:
>
>The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4, Rules Governing § 2254 Cases.

Based on the contents of the Petition and the Supplemental Affidavit, Berry does not appear to have completed, or even attempted to complete, any of the steps in New York's established appellate review process. The Petition therefore fails to show that Berry exhausted the state procedures available to him. He also does not argue an absence of available state corrective process or list valid circumstances which would render such process ineffective to protect his rights. Instead, Berry, without providing any proof or support, claims that the state court did not have jurisdiction over him, and attacks, again without any proof, the integrity of those involved in his criminal prosecution and conviction. (Suppl. Aff. at 5–9.) The Court further notes that the Supplemental Affidavit appears to contain some arguments under New York Criminal Procedure Law § 440.10, which are not properly before this Court, but should be raised before the state trial court if Berry choses to pursue these claims further. (Suppl. Aff. at 4–7.)

Because Berry does not provide any valid explanation as to why his Petition is not premature, the Court denies the Petition without prejudice pursuant to 28 U.S.C. § 2254(b)(1) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Berry is advised that because this Petition is dismissed without prejudice for failure to exhaust state remedies, if he chooses to bring a new habeas petition based on claims that have been properly exhausted, the new federal habeas petition will not be considered a "second" or "successive" one. *See Harris v. Reilly*, No. 07-cv-99, 2007 WL 201173, at *1 n.3 (E.D.N.Y. Jan. 23, 2007) (citing *Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (per curium)).

Berry is further advised that a timely Section 2254 petition for a writ of habeas corpus must be filed within one year of his state conviction becoming final, which occurs upon the completion of a direct appeal in the state's highest court and the United States Supreme Court. *See Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001), *cert. denied*, 534 U.S. 924 (2001).

## CONCLUSION

For the foregoing reasons, the Petition is dismissed without prejudice. The Clerk of the Court is respectfully directed to mail a copy of this Order to Berry at the address of the Nassau County Correctional Center using the prisoner ID confirmed by the Nassau County Correctional Center to be Berry's prisoner ID.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      November 28, 2024

                                                     */s/ Nusrat J. Choudhury*
                                                     NUSRAT J. CHOUDHURY
                                                     United States District Judge